IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00028-MR-WCM

| | | |
|---|---|---|
| DARRYL K. MCMAHAN, | ) | |
| | ) | ORDER |
| Plaintiff, | ) | |
| | ) | Nos. |
| v. | ) | 1:22-cv-00028-MR-WCM |
| | ) | 1:22-cv-00029-MR-WCM |
| LOWELL S. GRIFFIN, | ) | 1:22-cv-00030-MR-WCM |
| *in his Official Capacity* | ) | 1:22-cv-00031-MR-WCM |
| *as Sheriff of Henderson County*, | ) | 1:22-cv-00032-MR-WCM |
| WESTERN SURETY COMPANY | ) | 1:22-cv-00033-MR-WCM |
| *as Surety for the Sheriff,* | ) | 1:22-cv-00034-MR-WCM |
| KENNETH B. CLAMSER | ) | 1:22-cv-00035-MR-WCM |
| *Individually and in his Official* | ) | 1:22-cv-00036-MR-WCM |
| *Capacity* | ) | 1:22-cv-00037-MR-WCM |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Motions to Consolidate and Motions to Exceed Page Limit for Dispositive Motions filed in the following cases (collectively, the "First Ten Cases"):

(1) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00028-MR-WCM (Docs. 17, 19)

(2) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00029-MR-WCM (Docs. 12, 14)

(3) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for

1

the Sheriff, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00030-MR-WCM (Docs. 12, 14)

(4) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00031-MR-WCM (Docs. 11, 13)

(5) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00032-MR-WCM (Docs. 11, 13)

(6) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00033-MR-WCM (Docs. 11, 13)

(7) Darryl K. McMahan v. Lowell S. Griffin*, in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00034-MR-WCM (Docs. 11, 13)

(8) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00035-MR-WCM (Docs. 11, 13)

(9) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company, *as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00036-MR-WCM (Docs. 11, 13)

(10) Darryl K. McMahan v. Lowell S. Griffin, *in his Official Capacity as Sheriff of Henderson County*, Western Surety Company*, as Surety for the Sheriff*, Kenneth B. Clamser, *Individually and in his Official Capacity*, 1:22-cv-00037-MR-WCM (Docs. 11, 13).[1]

---

[1] In July and August of 2022, a second set of cases (the "Second Twenty Cases") involving these same parties was initiated in this Court (either as original actions or via Notices of Removal). See Nos. 1:22-cv-00136-MR-WCM; 1:22-cv-00171-MR-WCM; 1:22-cv-00172-MR-WCM; 1:22-cv-00173-MR-WCM; 1:22-cv-00174-MR-WCM; 1:22-

## I. Relevant Background

In the First Ten Cases and the Second Twenty Cases, Plaintiff alleges that from 2008 until 2019, he owned and operated a cemetery monument sales business, and that even though he complied with (and/or intended to comply with) customer contracts, various warrants were issued for Plaintiff's arrest based on information provided by Defendant Clamser. Plaintiff further alleges that Clamser failed to conduct an appropriate investigation before seeking the warrants. Plaintiff asserts claims including malicious prosecution, abuse of process, and violation of his civil rights.

On March 25, 2022, the First Ten Cases were consolidated for discovery purposes, and Pretrial Orders were entered. A deadline of November 8, 2022 was set for the parties to complete court-enforceable discovery and a deadline of December 8, 2022 was set for the parties to file dispositive motions, if any. Jury trials in each of the First Ten Cases are scheduled for the May 8, 2023 trial term.[2]

---

cv-00175-MR-WCM; 1:22-cv-00176-MR-WCM; 1:22-cv-00177-MR-WCM; 1:22-cv-00178-MR-WCM; 1:22-cv-00179-MR-WCM; 1:22-cv-00181-MR-WCM; 1:22-cv-00182-MR-WCM; 1:22-cv-00183-MR-WCM; 1:22-cv-00184-MR-WCM; 1:22-cv-00185-MR-WCM; 1:22-cv-00186-MR-WCM; 1:22-cv-00187-MR-WCM; 1:22-cv-00188-MR-WCM; 1:22-cv-00189-MR-WCM; and 1:22-cv-00190-MR-WCM.

[2] The Second Twenty Cases have been separately consolidated for purposes of discovery only and are proceeding under pretrial deadlines different from those in place in the First Ten Cases. See No. 1:22-cv-000136-MR-WCM, Doc. 18.

On November 23, 2022, Defendants filed the Motions to Consolidate and Motions to Exceed Page Limit for Dispositive Motions in each of the First Ten Cases. By the Motions, Defendants requested that the First Ten Cases be consolidated for purposes of dispositive motions, and – in the event consolidation is allowed – that Defendants' page limit for briefing in support of their consolidated motion be increased to thirty (30) pages.[3]

Plaintiff has responded to the Motions to Consolidate and the Motions to Exceed Page Limit. Although Plaintiff concedes that the First Ten Cases raise common questions of law, he opposes consolidation and argues that each case involves a unique set of facts "involving different material witnesses, different documents, and different pre-warrant investigations." See No. 1:22-cv-00037-MR-WCM, Doc. 15 at 1. Plaintiff contends that he will be prejudiced if dispositive motions in the First Ten Cases are consolidated "because he would be effectively limited to two-and-a-half, or three, pages of briefing" in which he could specifically address the factual circumstances of a particular case. However, if the Motions to Consolidate are allowed, Plaintiff does not oppose Defendants' request to increase the parties' page limitations and suggests that the parties' principal briefs be

---

[3] The Pretrial Order entered in each of the First Ten Cases limits principal briefs to twenty-five pages each, and any reply briefing to ten pages. See No. 1:22-cv-00037-MR-WCM, Doc. 6 at 9-10.

limited to fifty (50) pages per side. See No. 1:22-cv-00037-MR-WCM, Doc. 16 at 1.

In their replies, Defendants again point to the common questions of law as between the First Ten Cases and assert that "there are significant common questions of fact as this Court and Plaintiff recognized in consolidating these cases for discovery…." See No. 1:22-cv-00037-MR-WCM, Doc. 17 at 1. Defendants do not oppose Plaintiff's request that the page limit for each side be increased to fifty pages, in the event consolidation is allowed. See No. 1:22-cv-00037-MR-WCM, Doc. 18 at 1.

## II. Discussion

Courts have broad discretion relating to matters of scheduling and case management, see U.S. v. Allen, 491 F.3d 178, 192 (4th Cir. 2007), as well when considering questions of consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. See McCoy v. Biomet Orthopedics, LLC, No. CV ELH-12-1436, 2019 WL 6324558, at *5 (D. Md. Nov. 25, 2019).

Here, the parties in the First Ten Cases are identical and agree that the First Ten Cases involve common questions of law.

However, the undersigned also acknowledges that Plaintiff wishes to describe case-specific facts in opposition to motions for summary judgment.

Under these circumstances, the undersigned finds that some consolidation relative to the filing and briefing of dispositive motions, if any, is appropriate.

**IT IS THEREFORE ORDERED** that:

1. The Motions to Consolidate are **GRANTED IN PART** as follows:
    a. Defendants may file:
        i. A **consolidated memorandum of law** in support of any and all motions for summary judgment. The consolidated memorandum of law may not exceed ten pages and should be filed in Case No. 1:22-cv-00028-MR-WCM.
        ii. A **separate brief** applying the law to the facts in each of the First Ten Cases. Each such brief shall be limited to five pages and should be filed in the specific case at issue.
    b. In response, Plaintiff may file:
        i. A **consolidated memorandum of law** in opposition to any and all motions for summary judgment. The consolidated memorandum of law may not exceed ten pages and should be filed in Case No. 1:22-cv-00028-MR-WCM.
        ii. A **separate response brief** applying the law to the facts in each of the First Ten Cases. Each such brief shall be

limited to five pages and should be filed in the specific case at issue.

c. In reply, Defendants may file:

i. A **consolidated memorandum of law** in support of any and all motions for summary judgment. The consolidated memorandum of law may not exceed five pages and should be filed in Case No. 1:22-cv-00028-MR-WCM.

ii. A **separate reply brief** applying the law to the facts in each of the First Ten Cases. Each such brief shall be limited to three pages and should be filed in the specific case at issue.

2. The Motions to Exceed Page Limit for Dispositive Motions are **DENIED**.

Signed: December 6, 2022

W. Carleton Metcalf
United States Magistrate Judge